IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | |
| TRANSWORLD SYSTEMS, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff EDDIE SANCHEZ, through undersigned counsel, brings this complaint against Defendant TRANSWORLD SYSTEMS, INC., and alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages for violations of the Fair Debt Collection Practices Act (the "FDCPA").

2. The claims stated herein stem from Defendant's wrongful debt collection activities on a civil judgment arising from an alleged student loan debt.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Venue is proper in this District under 28 U.S.C. § 1391, as the events complained of occurred in this District.

1

**PARTIES**

5. Plaintiff Eddie Sanchez is a natural person who resides at 1037 Charlela Lane, Apartment 212, Elk Grove Village, Illinois 60007, and from whom Defendant attempted to collect an allegedly defaulted consumer debt, specifically, a civil judgment on a student loan allegedly owed to Access Group, Inc. ("Access Group").

6. Plaintiff is a "consumer" as defined by Section 1692a(3) of the FDCPA.

7. Defendant Transworld Systems, Inc. ("Transworld") is a collection agency organized as a California corporation.

8. Transworld does business in the State of Illinois, including in this District.

9. Transworld is a debt collector (as that term is defined in Section 1692a(6) of the FDCPA) because it uses the mails and telephone in its business, the principal purpose of which is the collection of consumer debts, and because it regularly attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another.

**FACTS SUPPORTING CAUSES OF ACTION**

10. In May 2010 Access Group obtained a civil judgment against Plaintiff in the amount of $21,479.40 for amounts alleged to be owed on a student loan (the "judgment").

11. Pursuant to the judgment order, Plaintiff was allowed to pay the judgment in monthly installments of $150.00, beginning in June 2010.

12. Plaintiff was instructed to make these monthly payments to William A. Hunter, Attorney at Law ("Hunter"), who had represented Access Group in obtaining the judgment.

13. In September 2016, Hunter returned Plaintiff's monthly payment and sent Plaintiff two letters explaining that future payments were to be made to Transworld.

14. Plaintiff made a payment to Transworld in October 2016, which Transworld accepted and deposited.

15. Plaintiff attempted to make another payment in December 2016, but Transworld rejected this payment.

16. In addition, on or after January 6, 2017, Plaintiff received a letter from Transworld stating that "[w]e are unable to identify the correct account to which the enclosed payment should be applied."

17. This statement was false and misleading, as Transworld had previously located Plaintiff's account and applied his prior payment.

18. Upon information and belief, the January 2017 letter was Transworld's first communication with Plaintiff regarding the judgment.

19. The January 2017 letter did not provide a written notice to Plaintiff containing: (a) a statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the judgment, or any portion thereof, the judgment will be assumed to be valid by Transworld; (b) a statement that if Plaintiff notifies Transworld in writing within the thirty-day period that the judgment, or any portion thereof, is disputed, Transworld will obtain verification of the judgment and copy of such verification will be mailed to Plaintiff by Transworld; or (c) a statement that, upon Plaintiff's written request within the thirty-day period, Transworld will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20. Transworld had no further communication with Plaintiff after the January 2017 letter.

21. In or around February 2017, Plaintiff sent another payment to Transworld, not knowing whether Transworld was the right party to whom his payments should be sent.

22. Transworld accepted and deposited Plaintiff's February 2017 payment.

23. Plaintiff was confused and concerned by Transworld's false statements about not being able to identify Plaintiff's account while simultaneously depositing his other payments.

24. Plaintiff feared that his payments were not being applied to the judgment, and ceased making payments to Transworld.

25. In October 2017, Plaintiff received a letter from Jaw K. Levy & Associates ("Levy"), a law firm purporting to represent Access Group seeking to collect the judgment from Plaintiff.

26. Levy claimed that the amount owed on the judgment was $33,786.61, which, upon information and belief, included interest that allegedly accrued on the judgment after Transworld had rejected Plaintiff's payment and had claimed not to be able to identify Plaintiff's account.

27. Plaintiff suffered damages due to Transworld's wrongful conduct, including but not limited to increased interest on the judgment, aggravation, confusion, anxiety, inconvenience, and loss of time.

## COUNT I – VIOLATIONS OF THE FDCPA

28. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

29. Plaintiff is a "consumer" under Section 1692a(3) of the FDCPA, as the judgment arose from an alleged debt that was strictly for personal, family, and household purposes.

30. The judgment qualifies as a "debt" under Section 1692a(5) of the FDCPA.

31. Transworld is a "debt collector" under Section 1692a(6) of the FDCPA because it regularly collects debts and uses the mail or telephone to collect delinquent consumer accounts, and the principal purpose of its business is to collect defaulted consumer debts.

### A. **Violations of Sections 1692e, and 1692g(a) of the FDCPA**

32. Sections 1692e and 1692g(a) of the FDCPA state, in relevant part, as follows:

**1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**1692g(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**\*\*\***

> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

33. In its attempts to collect the judgment from Plaintiff, Transworld violated the FDCPA by falsely stating that Transworld was unable to identify Plaintiff's account to apply his second payment and rejecting and returning said payment, in violation of Section 1692e of the FDCPA.

34. In its attempts to collect the judgment from Plaintiff, Transworld violated the FDCPA by failing to provide a written notice to Plaintiff containing the statements required by Section 1692g(a)(3), g(a)(4), and g(a)(5) within five days after the initial communication with Plaintiff.

35. Plaintiff suffered damages proximately caused by Transworld's misconduct.

5

36. As a result of Transworld's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. grant judgment in Plaintiff's favor against Transworld;

b. award Plaintiff statutory and actual damages in an amount to be determined at trial;

c. award Plaintiff reasonable attorneys' fees and costs pursuant to Section 1692k of the FDCPA; and

d. award any other relief this Honorable Court deems equitable and just.

**Plaintiff Demands Trial by Jury.**

          Respectfully Submitted,

          /s/ *Daniel Brown*
          Daniel Brown (ARDC # 6299184)
          The Law Office of Daniel Brown
          208 S. Jefferson St., Suite 204
          Chicago, IL 60661
          (773) 453-7410
          daniel@mainstreetattorney.com

          *Attorney for Plaintiff*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that all Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of Plaintiff's claims. If any Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that such Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of any Defendant.

By: /s/ *Daniel Brown*
    Daniel Brown

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorneys' fees have been assigned to counsel.

By: /s/ *Daniel Brown*
    Daniel Brown